La Sucesión de Isidoro Carrasquillo y Ángela Cruz Rexach, representada por su administradora Marina Carrasquillo de Braden, demandantes y apelados, *v.* Antonio Rivera y Antonio Velilla, demandados y apelantes.

Número 12324.

*Sometido:* 28 de mayo de 1958. *Resuelto:* 30 de julio de 1958.

*Rafael A. Arroyo Ríos,* abogado de los apelantes; *Alejo Rivera Morales,* abogado de los apelados.

El Juez Asociado Señor Serrano Geyls emitió la opinión del Tribunal.

La Sucesión de Isidoro Carrasquillo Muñiz y Ángela Cruz Rexach instó demanda de desahucio contra Antonio Rivera y Antonio Velilla en el Tribunal Superior, Sala de Humacao. Se funda la demanda en haber Rivera subarrendado a Velilla un local propiedad de la Sucesión, sin el consentimiento de ésta. Por estipulación de las partes el caso quedó sometido al tribunal para ser resuelto por la siguiente evidencia: los demandantes fundaron su reclamación en la prueba ofrecida y admitida en el caso Civil núm. CS–56–511 entre las mismas partes, ante el mismo tribunal y resuelto el día 2 de octubre de 1956; y los demandados basaron su defensa en los autos del caso Civil núm. CD–56–131, sobre cobro de dinero, instado por la Sucesión contra Antonio Velilla en el Tribunal de Dis-

trito Sala de Fajardo el 23 de noviembre de 1956 y en el cual hubo un desistimiento de la demandante el 28 de diciembre del mismo año.

El 23 de julio de 1957 el Tribunal Superior dictó sentencia declarando con lugar la demanda y ordenando a Velilla desalojar el local. Los demandados apelan alegando que el tribunal de instancia incurrió en tres errores. El primer error consiste en que el tribunal declaró con lugar la demanda a pesar de que la demandante no alegó ni probó que había notificado de sus pretensiones a los demandados por escrito, de modo fehaciente y con no menos de 60 días antes de presentar la demanda de desahucio, según lo requiere el art. 12-B de la Ley de Alquileres Razonables (17 L.P.R.A. sec. 194). Los otros dos errores se refieren a la apreciación de la prueba y a la aplicación que hizo el tribunal de instancia del caso de *Campos* v. *Tribunal Superior*, 75 D.P.R. 370 (1953). Consideramos que el apelante tiene razón en sus dos últimos planteamientos. Dada la índole de los mismos, es innecesario resolver el problema de notificación.

Examinemos la evidencia que tuvo ante sí el tribunal sentenciador. La presentada por la demandante consistió, como ya dijimos, de la prueba de un caso de desahucio en precario entre las mismas partes. En la vista de esa acción, celebrada el 7 de septiembre de 1956, prestaron testimonio cinco testigos. Tres de ellos, presentados por la demandante, en síntesis declararon que entre la Sucesión y Antonio Rivera existía un contrato verbal de arrendamiento de mes a mes cubriendo un local ubicado en la calle Triunfo de Fajardo, que había sido condición esencial de dicho pacto que el inquilino no podía subarrendar sin permiso del casero, que Rivera había subarrendado el local a Velilla sin ese consentimiento y frente a advertencias expresas héchasle por miembros de la Sucesión, y que Velilla estaba en posesión del local y se negaba a entregarlo. Los demandados Rivera y Velilla declararon que el subarrendamiento se había verificado con la aprobación previa de uno de los miembros de la Sucesión y que Velilla

había hipotecado su casa para comprar el negocio que Rivera tenía en dicho local, y que antes de hacer la transacción se aseguró de que no había objeción de los arrendadores a que él continuara disfrutando del sitio. No consta de autos la sentencia dictada en esta causa, pero por las conclusiones que hace el juez sentenciador en el caso objeto de esta apelación sabemos que se dictó el 8 de octubre de 1956 y que se desestimó la demanda por no haberse cumplido con ciertos requisitos de la Ley de Alquileres Razonables.

La prueba de los demandados en el caso que ahora tenemos ante nos consistió de los autos del caso CD 56-131 incoado ante el Tribunal de Distrito, Sala de Fajardo. El 23 de noviembre de 1956 la Sucesión interpuso demanda en cobro de dinero ante dicho Tribunal exclusivamente contra Antonio Velilla (el supuesto detentador en el caso que tenemos ante nos) reclamándole el pago de cánones correspondientes a cinco meses vencidos. Las alegaciones segunda y tercera de esa demanda dicen así:

"2. Que el demandado está ocupando parte de dicho local en un Bar-Restaurante por contrato de arrendamiento de mes a mes y un canon mensual de $34.50."

"3. Que dicho demandado debe hasta esta fecha los meses de junio a octubre de 1956, ambos inclusive, o sea, $172.50 los cuales se han (sic) negado a pagar a pesar de las diligencias que han (sic) hecho la parte demandante."

El demandado contestó aceptando todos los hechos, pero alegó que la Sucesión le adeudaba $100 por concepto de honorarios de abogado conferídoles por la sentencia en el caso de desahucio en precario que ya hemos reseñado. Se avino a que el tribunal dictara sentencia en su contra por $72.50 más las costas. El 28 de diciembre de 1956 la demandante sometió al tribunal un escrito titulado Desistimiento Voluntario en el cual afirma que "habiendo satisfecho el demandado la deuda a la parte demandante, procede desistir del pleito."

Considerando la evidencia de los dos casos que hemos reseñado, la sala sentenciadora declaró probado que Velilla

estaba en posesión del local sin la autorización escrita de los arrendadores y "que el haber los demandantes requerido el pago de los cánones de arrendamiento no impide el ejercicio de esta acción de desahucio, según lo resuelto en *Campos* v. *Tribunal Superior*, 75 D.P.R. 370."

Consideramos que cometió error el tribunal de instancia al aplicar el caso de *Campos*. En ese recurso la demanda contra Campos contenía originalmente dos causas de acción: una la de haberse violado el contrato de arrendamiento por haber Campos subarrendado el local a otra persona sin autorización escrita del arrendador; la segunda por falta de pagos de alquiler. El demandado consignó los cánones adeudados y con vista a tal consignación el demandante desistió de su segunda causa de acción. Sostuvo luego el demandado, tanto ante el tribunal de instancia como ante este Tribunal, que el demandante había renunciado a desahuciarle por razón del subarriendo al aceptar los cánones de arrendamiento consignados por el arrendatario después de presentar la demanda. Al rechazar esa alegación resolvimos que "como cuestión de derecho, al alegarse un subarriendo no autorizado como infracción por el arrendatario de sus obligaciones, como base para el desahucio, el hecho aislado en sí de la aceptación de los cánones vencidos con posterioridad al alegado quebrantamiento, no equivale a una renuncia de la acción de desahucio." (Pág. 379.) Esto es así debido a que el contrato de arrendamiento sigue vigente de acuerdo con sus términos hasta tanto se dicte y sea firme una sentencia resolviendo el contrato por motivo del subarriendo no autorizado. En el período comprendido entre la fecha de interposición de la demanda y la fecha en que sea firme una sentencia resolviendo el contrato "el arrendador está obligado a seguir permitiendo el disfrute de la cosa por el arrendatario y éste último continúa obligado a pagar los cánones correspondientes." (Pág. 377.)

Igual principio es aplicable "a casos de desahucio en precario y por detentación en que se ha determinado que la

compensación pagada por el disfrute de la propiedad equivale a un pago por el uso de ella, y no a un pago de cánones." Y aún en otros casos "si la aceptación del dinero se lleva a cabo bajo tales circunstancias que, como cuestión de hecho, surja que el dinero se acepta como compensación por el uso y no como un alquiler·incidental a un contrato existente, tal aceptación de dinero no conllevaría una renuncia a la infracción anterior." (Pág. 378.) Por el contrario en una situación exclusivamente de falta de pago, "la aceptación de los cánones impide el que se dicte una sentencia resolutoria, ya que no puede dictarse una sentencia basada en la falta de pago." (Pág. 378.)

En el caso que nos ocupa la situación es enteramente distinta a la de *Campos*. Aquí el juez sentenciador tuvo ante sí dos elementos de prueba básicos: uno, los testimonios prestados el 7 de septiembre de 1956 en el caso de desahucio en precario, de los cuales surge un conflicto de prueba que el juez tenía la obligación de dirimir; y dos, las admisiones de la demandante en el caso de cobro de dinero, hechas en noviembre y diciembre de ese año y las cuales no fueron controvertidas, repudiadas ni explicadas. Obsérvese que en ese caso, contrario al de *Campos*, la demanda fue una en cobro de dinero y estaba dirigida no contra la persona que originalmente arrendó el local (Rivera) sino contra aquel (Velilla) a quien éste le subarrendó, alegadamente sin la autorización del casero. Es en esa demanda contra Velilla, incoada dos meses y medio después de la vista en el caso de desahucio en precario, que la demandante alega que Velilla está ocupando el local "por contrato de arrendamiento de mes a mes y a un canon mensual de $34.50" y en la cual suplica que se ordene al demandado "pagar a la parte los $172.50 que debe hasta esta fecha por los 5 meses vencidos, más los meses que siga utilizando dicho local . . .". Luego la demandante desistió del pleito por haberle "satisfecho el demandado la deuda". Habiendo aceptado en noviembre y diciembre de 1956 que existía un contrato de arrendamiento entre ella y el demandado Ve-

lilla y habiendo recibido de éste los cánones por tal concepto, la demandante no puede desahuciar a Velilla varios meses más tarde alegando que éste ocupa el local por razón de un subarriendo no autorizado por ella. No se trata aquí, como en el caso de *Campos*, de la aceptación de dinero por concepto de cánones mientras se sustancia un pleito de desahucio por subarriendo no autorizado hecho por el demandado a otra persona, sino, por el contrario, de la admisión por la demandante de que existe un contrato de arrendamiento entre ella y el demandado, quien no es el inquilino original sino la persona a quien dicho inquilino subarrendó el local. En virtud de ese contrato el demandado dejó de ser un detentador para convertirse en un arrendatario protegido por la nueva relación jurídica surgida entre él y la demandante y no puede ésta, por consiguiente, desahuciarle fundándose en la situación jurídica anterior.

*Se revocará la sentencia apelada.*